1 pDALEY, Judge.
The plaintiff has appealed the trial court’s granting of the defendant’s Motion for Summary Judgment. For the reasons which follow, we affirm.

FACTS:

The plaintiff, Ollie Buckley, was employed at the warehouse of Sehwegmann Supermarkets. On October 25, 1995, she entered the lunch room of the warehouse and was allegedly struck by the door, which closed suddenly. She filed suit to recover damages for injuries allegedly sustained by this incident. In her petition, the plaintiff claims the lunch room door was taken off the hinges in order to remove a soft drink machine from the lunch *134 room. She contends that because the door was improperly replaced, it closed suddenly and struck her from the rear. The plaintiff filed suit against Vess Beverage, Inc., the owner of the vending machine which was removed. The petition was amended to name Vess’s successor, BCB Manufacturing [SUSA, Inc. (BCB), and Vending Technology, Inc., alleging Vending Technology, Inc. moved the vending machine while acting as an agent for BCB.
BCB answered with a general denial and filed a cross-claim against Vending Technology, Inc. BCB then filed a Motion for Summary Judgment admitting that they owned the vending machine in question, and claiming they contracted with Vending Technology, Inc. to remove the vending machine from the lunch room at the Schwegmann’s warehouse. BCB asserts that in the process of moving the vending machine, Vending Technology, Inc. removed the control arm of the lunch room door, then reinstalled the control arm. BCB argued that any malfunction of the control arm is the responsibility of the independent contractor, Vending Technology, Inc.
The trial court granted Summary Judgment in favor of BCB, finding Vending Technology was an independent contractor and BCB was not liable for the alleged negligence of Vending Technology’s employees.

DISCUSSION:

It is well settled that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. The recently amended article provides that summary judgments are favored, and states this procedure is designed to “secure the just, speedy, and inexpensive determination of every action.” Under the amended article, the initial burden continues to remain with the mover to show that no genuine issue of material fact exists; however, if the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, the nonmoving Lparty then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Barnes v. Darby, 98,738 (La.App. 5th Cir. 1/26/99), 726 So.2d 491.
It is equally well settled that appellate courts review summary judgments de novo using the same criteria as the trial court to determine whether a summary judgment is appropriate. In ruling on a Motion for Summary Judgment we must look the substantive law applicable to the case. See Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29.
In the case before us, both parties agree that this case turns on whether Vending Technology, Inc. and its employees were acting as agents of BCB in removing the vending machine from the Schwegmann premises. If Vending Technology and its employees were acting as agents for BCB, then the doctrine of respondent superior is applicable. If Vending Technology and its employees were not acting as agents for BCB, then no vicarious liability exists. The factors that must be met to establish a relationship of principal and independent contractor were set forth in Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385 (1972), and Smith v. Zellerbach, 486 So.2d 798 (La.App. 1st Cir.1986). These factors are:
1. There is a valid contract between the parties;
2. The work being done is of an independent nature such that the con *135 tractor may employ non-exclusive means in accomplishing it;
3. The contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods without being subject to the control and direction |sof the principal, except as to the result of the services to be rendered;
4. There is a specific price for the overall undertaking; and
5. Specific time or duration is agreed upon and not subject to termination at the will of either side without liability for breach.
Smith, supra at 801.
Both parties agree these are the factors to be applied, the difference in their positions comes from each party’s application of the factors to the facts of this case. In support of their Motion for Summary Judgment, BCB attached the deposition of Louis “Butch” Schudmak, the owner of Vending Technology, Inc. Mr. Schudmak testified that this company was started in 1991. The company placed vending machines at various locations for other companies, as well as performed service and repair work on vending machines. In either 1992 or 1993, Vending Technology, Inc. began to perform work for BCB’s predecessor Vess Beverage. The arrangement was unchanged when BCB succeeded Vess. BCB would either call in repair orders to Vending Technology or send the repair orders to Vending Technology via facsimile. Either Mr. Schudmak or another Vending Technology employee would repair the machine. In October 1995, BCB lost their contract with Schwegmann supermarkets to supply soft drink vending machines. Mr. Schudmak was called by a BCB representative who requested that he pick up all of the soft drink vending machines from all Schwegmann’s locations. Mr. Schumak was told to pick up the machines between October 2 and October 8, 1995, and bring them to his warehouse. BCB would then send a truck to his warehouse to transport the machines back to BCB’s warehouse in Missouri.
Mr. Schumak testified that there were two soft drink vending machines at the Schwegmann’s warehouse. One machine was located outside near a loading dock |fiand the other was located in the employee’s lounge. After picking up the outside machine, Mr. Schumak attempted to remove the machine from the employee’s lounge only to discover that the machine would not fit through the door. He decided to return for this machine on a later date. When Mr. Schumak returned, he removed the door to the lounge and then removed the door of the vending machine, and finally removed the machine from the lounge. He testified that there was a Schwegmann’s employee nearby who offered to replace the door to the lounge, so he left the premises with the machine, and did not replace the door.
When questioned as to the specifics of the relationship between BCB and Vending Technology, Inc., Mr. Schumak testified that there was an oral contract between Vending Technology, Inc. and BCB. As to how he was paid, Mr. Schumak testified that Vending Technology, Inc. sent BCB invoices whenever they “had enough to send in.” He further testified sometimes BCB called frequently with repair orders, while at other times he may not have received a call from BCB for several days. He estimated that he spent ten to twelve hours per week performing work for BCB. Although Mr. Schumak could not recall the details, he testified that he agreed to a specific price for removing the machines from all Schweg-mann’s locations.
The appellant strongly argues that there was no contract between BCB and Vending Technology, Inc. and the BCB has not proved each Hickman factor. We disagree. In Cooley v. Benson Motor Co., 97-27 (La.App. 5th Cir. 5/28/97), 695 So.2d 1049, the plaintiff alleged she was injured when she was struck by a rock thrown from a lawnmower being operated on Ben *136 son Motor Company’s property. Prior to, this accident, the grass cutter had been cutting the grass on the Benson property every Friday, weather permitting, pursuant to a verbal contract for which he was paid a fixed monthly amount. This Court affirmed the trial court’s granting of |7summary judgment in favor of Benson, finding Benson met its burden of proving the conditions necessary for an independent contractor relationship with the grass cutter. The oral contract was found to be valid, the grass cutter performed his duties without input from Benson, and Benson exercised no control over the methods he used to cut the grass. This Court also found that there was a specific time to perform the grass cutting.
In his deposition, Mr. Schumak explained that he owned Vending Technology, Inc., and Vending Technology, Inc. performed work for various entities including BCB. He testified that the work he performed for BCB consumed about ten hours of a forty hour work week. Mr. Schumak testified there was an oral contract between BCB and Vending Technology, Inc. to remove the soft drink vending machine from the employees’ lounge of the Schwegmann’s warehouse. Mr. Schumak’s testimony also established that there was a specific price for the work performed and that the work had to be performed within a specific time period. He further testified that he was not given any instructions from BCB as to the particulars as to how the machine was to be removed, and that he used his own equipment to remove the machine. Based on Mr. Schumak’s testimony, we conclude Vending Technology, Inc. was an independent contractor of BCB, and BCB has no liability for acts of Vending Technology, Inc. or its employees in removing the vending machine from the Sehwegmann’s lounge.
Accordingly, the trial court properly granted summary judgment in favor of BCB. The judgment of the trial court is affirmed.

AFFIRMED.