# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-826


**MELVIN R. SMITH**

**VERSUS**

**STATE FARM INSURANCE COMPANY, ET AL.**


************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 217,529,
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

************

**MICHAEL G. SULLIVAN
JUDGE**

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Michael G. Sullivan, Judges.


**AFFIRMED.**

Edward Larvadain, Jr.
Edward Larvadain, Jr. & Associates
626 Eighth Street
Alexandria, Louisiana 71301
(318) 445-6717
Counsel for Plaintiff/Appellant:
    Melvin R. Smith

Bonita K. Preuett-Armour
Armour Law Firm
Post Office Box 710
Alexandria, Louisiana 71309
(318) 442-6611
Counsel for Defendants/Appellees:
    State Farm Insurance Co.
    Dorothy Clover

SULLIVAN, Judge.

Melvin Smith, a self-employed concrete finisher, appeals the dismissal on summary judgment of his suit for personal injuries allegedly sustained while working at the home of Dorothy Clover. For the following reasons, we affirm.

**Factual and Procedural History**

In April of 2004, Ms. Clover entered into a verbal agreement with Mr. Smith for him to pour a concrete driveway at her home in Alexandria, Louisiana. Before he poured the concrete, Mr. Smith removed two pieces of vinyl siding from the home to prevent concrete from splashing on them. Approximately a week after Mr. Smith completed the driveway, Ms. Clover called him, requesting that he return to her home to replace the two pieces of siding. Mr. Smith agreed to do so at no extra charge. Upon his return, he was able to replace one piece of siding, but only after struggling through several attempts. Ms. Clover then suggested that the other piece needed to be cut to fit back into place, and she provided Mr. Smith with some knives to trim the siding. When the knife or knives that Ms. Clover supplied proved insufficient for the task, Mr. Smith attempted to trim the remaining piece of siding with his own reciprocating saw and blade that he had in his truck. As he began to cut the siding with his saw, a piece of vinyl broke off and struck him in the left eye.

Mr. Smith sued Ms. Clover and her homeowner's insurer, State Farm Fire and Casualty Company (State Farm), alleging that he was injured while performing the work in the manner insisted upon by Ms. Clover. Ms. Clover and State Farm filed a motion for summary judgment, arguing that they were not responsible for Mr. Smith's actions as an independent contractor. After taking the matter under advisement to consider the affidavit of Ms. Clover and the deposition of Mr. Smith, the trial court agreed that Mr. Smith was an independent contractor and granted summary judgment

in favor of Defendants. On appeal, Mr. Smith argues that the trial court erred in finding him to be an independent contractor, or alternatively, in failing to conclude that this case falls within one of the exceptions to the general rule that a property owner is not responsible for injuries to independent contractors.

## Opinion

Appellate courts review summary judgments de novo, applying the same criteria as the district courts in determining the appropriateness of summary judgment. *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131. As provided in La.Code Civ.P. art. 966(B), summary judgment should be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." The burden of proof on a motion for summary judgment is set forth in La.Code Civ.P. art. 966 C(2) as follows:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In *Williams v. Gervais F. Favrot Co.*, 499 So.2d 623, 625 (La.App. 4 Cir. 1986), *writ denied*, 503 So.2d 19 (La.1987) (citations omitted) (emphasis added), the court summarized the jurisprudence setting forth a property owner's liability for the actions of an independent contractor as follows:

> As a general rule, property owners are not liable for the negligence of independent contractors who are performing work for the owner. In determining whether the person performing the work is an

2

employee or an independent contractor the focus of the inquiry is directed at gauging the degree of the contractor's independence or subserviency. Factors which are relevant to this inquiry include the independent nature of the contractor's business, *the existence of a contract for performance of a specific job, payment of a fixed price for the work, employment by the contractor of assistants who are under his control, the furnishing of necessary tools and materials by the contractor and his right to control the conduct of his work while in progress*. The most important of these factors is the degree of control which the owner can exercise over how the contractor performs the work. Thus, where the contract provides that the owner's control over the contractor is limited to providing plans and specifications and his only right is to insist that the job be performed in accordance with those plans and specification[s], an independent contractor relationship exists and the owner is not vicariously liable for the contractor's negligence.

This general rule of non-liability has two exceptions: first, the owner may not avoid liability if the work undertaken by the independent contractor is inherently or intrinsically dangerous; second, *the owner may be held liable if he exercises control over the contractor's methods of operation or gives express or implied authorization to an unsafe practice.*

Further, the fact that the property owner periodically inspects the job site to be sure that the work is being performed in accordance with specifications "does not constitute the exercise of operational control" and will not render the owner liable for the contractor's negligence. *Id.* at 626.

In his deposition, Mr. Smith testified that he has been a self-employed concrete finisher for about ten years, advertising that he specializes in driveway, patio, and house slabs, as well as sidewalks and dirt work. He explained that he reached a verbal agreement with Ms. Clover, as he did with most of his customers, to perform the work requested for a set amount, with no deductions made for any type of taxes. Once he collected from the customer, he would then pay the workers that he had recruited for that particular job. Mr. Smith eventually performed two concrete "pours" for Ms. Clover, the first occurring under her carport and through a portion of her front yard, the second occurring in the yard to the street. Before he began the

3

first "pour," Mr. Smith decided to remove two pieces of vinyl siding from under the carport to prevent concrete from splashing onto the siding. Ms. Clover did not instruct him to remove the siding, but rather told Mr. Smith "to do whatever [he] had to do . . . to get it right." About one week after he completed the first "pour," Ms. Clover called him and asked him to replace the two pieces of siding.

When Mr. Smith encountered difficulty in replacing the siding upon his return, Ms. Clover suggested to him that the siding needed to be trimmed to fit back into place, and she retrieved a knife or knives from her home for his use in this task. When the knife or knives provided by Ms. Clover proved insufficient to cut the siding, Mr. Smith decided to retrieve his own reciprocating saw and blade from his truck to complete the job. In his deposition, he testified that Ms. Clover did not suggest or instruct him to use the saw. His injury occurred just as the blade of the saw came into contact with the siding.

Taking all of these facts into consideration, we find that the trial court was correct in concluding that Mr. Smith was an independent contractor, and we further find that the exception to the rule that a property owner is not liable for the torts of an independent contractor does not apply in this case. As the mover for summary judgment, Ms. Clover and State Farm had the burden of proving that no genuine issue of material fact existed as to Mr. Smith's independent contractor status. They did this by showing that the parties entered into a verbal contract, that Mr. Smith considered himself to be "my own boss" and not the employee of anyone else, that Mr. Smith was the party who recruited any workers that were necessary to complete the job, and that Mr. Smith supplied the tools for the job, and in particular the tool that caused the present injury. The record also shows that Ms. Clover did not control how Mr. Smith

4

performed his job, particularly concerning the removal and replacement of the siding: she told Mr. Smith that he could "do whatever [he] had to do . . . to get it right," and she did not suggest the manner in which Mr. Smith actually cut the siding by use of a reciprocating saw. Further, as Ms. Clover played no role in the decision to use the reciprocating saw, she "did not approve or disapprove of the methods of work, and [she] did not give authorization to any unsafe practices." *Sims v. Cefolia*, 04-343, p. 7 (La.App. 5 Cir. 11/30/04), 890 So.2d 626, 631, *writ denied*, 05-5 (La. 3/11/05), 896 So.2d 73. Accordingly, we find that the trial court properly granted summary judgment in favor of Ms. Clover and State Farm.

**Decree**

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff/Appellant, Melvin R. Smith.

**AFFIRMED.**