SUSAN M. CHEHARDY, Judge.
|sPlaintiffs appeal the trial court’s grant of summary judgment in favor of defendant. For the following reasons, we affirm.

Facts

On July 18, 2004, plaintiff, Emzy Poma-cino (“Pomacino”), was critically; injured when an oncoming vehicle traveled into his lane and struck his vehicle on Jean Lafitte Boulevard in Lafitte, Louisiana. Pomacino later died from his injuries. The oncoming vehicle was driven by defendant, Osvaldo Benito Medrano (“Medrano”)[1] and owned by defendant, Alejandro Madrigal (“Madrigal”).[2] On July 18, 2004, both Medrano and Madrigal were employed by defendant, Lafitte Frozen Foods Company (“LFFC”), as laborers.[3]
Pomacino’s widow and the natural tutrix of his children filed'suit against, inter alia, Medrano, Madrigal, Paul Poon, LFFC, and their insurers on July 14, 2005. Plaintiffs alleged that LFFC was liable for the actions of its employees, Medrano and Madrigal, under the theory of respondeat superior. Plaintiffs Lspecifically alleged that Medrano was “under the direction and control of Paul Poon” at the time of the accident. Moreover, plaintiffs specifically alleged that Medrano was the “defacto agent” of LFFC because LFFC employed and housed Medrano.
LFFC filed a Motion for Summary Judgment on the basis that there is no genuine issue of material fact that its employees, Medrano and Madrigal, were not acting within the course and scope of their employment on the night of the accident at the center of this litigation. The trial court granted LFFC’s Motion on February 3, 2006. This timely appeal followed. Law and discussion
A Motion for Summary Judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Craig v. Bantek West, Inc., 04-0229 (La.App. 1 Cir. 9/17/04), 885 So.2d 1241. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The burden of proof is on the mover to show that he is entitled to judgment as a matter of law. La. C.C.P. art. 966(C)(2). If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the Motion for Summary Judgment, the mover need only *312 point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Id. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden | not proof at trial. Id. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. Id.
To determine whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226.
In its Motion for Summary Judgment, LFFC acknowledged that it was Medrano and Madrigal’s employer, but stated that it was not liable under respon-deat superior because defendant, Medra-no, was not within the course and scope of his employment when he was driving the vehicle that collided with Pomacino’s. vehicle.
In support of its Motion for Summary Judgment, LFFC submitted time card records and personnel files for Medrano and Madrigal certified by LFFC’s records custodian, Patti Alexie; affidavit of Patti Alexie; and affidavit of LFFC’s President, Paul Poon. LFFC later supplemented its original documentation by submitting a certified copy of Paul Poon’s deposition taken January 5, 2006. Our review of these documents indicates (1) that Medra-no and Madrigal were employed as shrimp packers by LFFC on July 18, 2004; (2) shrimp packers, like Medrano and Madrigal, were offered housing on LFFC premises as a benefit of their employment; (3) Medrano’s and Madrigal’s time cards reveal that they did not work on Sunday, July 18, 2004; (4) Medrano’s time cards reveal that he did not work later than 7:00 p.m. during July of 2004; (5) Medrano was not driving a vehicle owned by LFFC during the accident; (6) shrimp packers like Medrano did not run errands or drive as part of their job and Medrano’s job duties were limited to work at LFFC’s facilities; and (7) the accident in question did not occur on LFFC property.
| ^Plaintiffs filed their Memorandum in Opposition to the Motion for Summary Judgment without supporting documentation but contending that “Mr. Poon’s deposition seriously calls into question the facts attested to in the affidavit he signed.” On this basis, plaintiffs asked the trial court to deny the motion for summary judgment to afford-the petitioners the opportunity to conduct further discovery. When a Motion for Summary Judgment is made and accompanied by supporting documents, the opposing party may not rest on his allegations and denial; rather, he must come forth with affirming evidence to show there is a genuine issue of material fact. Sims v. Cefolia, 04-343 (La.App. 5 Cir. 11/30/04), 890 So.2d 626, 633, writ denied, 05-0005, (La.3/11/05), 896 So.2d 73. Thus, plaintiffs were unable to rebut LFFC’s contention that Medrano was not in the course and scope of its employment when he was involved in the automobile accident. Accordingly, we find that the trial court correctly granted summary judgment in favor of LFFC.
On appeal, plaintiffs re-urge their argument that summary judgment was granted prematurely as discovery is not complete. Our review of the record indicates that suit was filed on July 14, 2005. Service was requested on LFFC as well as seven other defendants. The record indicates that LFFC answered the lawsuit on November 18, 2005. There is no indication in the record regarding plaintiffs’ requests *313 for discovery or defendant’s responses. The record is void of any motions to compel or any other documents in which plaintiff attempted to pursue remedies provided by the Code of Civil Procedure to compel defendants to comply -with discovery requests. Further, LFFC filed its Motion for Summary Judgment on December 5, 2005. Paul Poon’s deposition was taken on January 5, 2006. LFFC’s motion was heard on January 23, 2006. There is nothing in the record to indicate that plaintiff attempted to obtain further discovery from defendants during the time the Motion for Summary Judgment was pending. Thus, |7we find plaintiffs argument that the motion was premature because discovery was still pending is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to appellants.

AFFIRMED.

. In their brief, plaintiffs aver that Medrano was arrested for driving while intoxicated at the scene of the accident. Neither plaintiffs nor defendants have been able to locate Me-drano since the night of the accident.

. The record reflects that Madrigal was not in the vehicle during the accident. Neither plaintiffs nor defendants have been in contact with Madrigal since July 24, 2004.

.According to its president, Paul Poon, LFFC is a company that peels and packs shrimp for shipment to other areas of the country.