976 So.2d 753 (2008)
Fawnclair HONEYCUTT, Wife of/and Roy HONEYCUTT
v.
Alicia J. DEUTSCHMANN and State Farm Mutual Automobile Insurance Company.
No. 07-CA-211.
Court of Appeal of Louisiana, Fifth Circuit.
January 22, 2008.
Peyton B. Burkhalter, David I. Courcelle, Courcelle & Burkhalter, Metairie, Louisiana, for Plaintiff/Appellant.
*754 Gus A. Fritchie III, McDonald G. Provosty Irwin Fritchie Urquhart & Moore, New Orleans, Louisiana, for Defendants/Appellees.
Panel composed of Judges CLARENCE E. McMANUS, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
On April 24, 1999, Fawnclair Honeycutt ("Honeycutt") was operating her vehicle northbound on La. 437 near the intersection with W. 32nd Ave. when a vehicle being driven by Alicia Deutschmann ("Deutschmann") failed to stop at a stop sign and collided with Honeycutt's vehicle. On April 6, 2000, Honeycutt and her husband, Roy Honeycutt, filed a Petition for Damages naming Deutschmann and her insured, State Farm Mutual Automobile Insurance Company, as defendants. The Honeycutts later filed First and Second Supplemental and Amending Petitions for Damages naming Choice Courier Systems, Inc. ("Choice") as a defendant. Deutschmann was a driver, or courier, for Choice. At the time of the accident, she was "on call" and was in the process of a delivery of blood for Choice to a patient undergoing surgery. Therefore, the Honeycutts contended Choice was vicariously liable for the negligence of Deutschmann.
On March 29, 2006, Choice filed a motion for summary judgment. Choice argued that Deutschmann was an independent contractor under an agreement with Choice, so Choice is not vicariously and/or strictly liable under the theory of respondeat superior.
A hearing was held before the trial court on October 5, 2006. The trial court granted the summary judgment and stated in open court that Choice was an independent contractor. The trial court found that no genuine issues of material fact were in dispute and found nothing to support Deutschmann's concerns regarding what would happen if she took certain actions regarding her work with Choice.
The trial court issued a written judgment on October 25, 2006 granting the motion for summary judgment, dismissing all claims against Choice with prejudice and designating the judgment as final. The Honeycutts have now filed this appeal. For the reasons which follow, we reverse the trial court's granting of summary judgment in favor of Choice and remand the matter to the trial court for further proceedings.

DISCUSSION
On appeal, in determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Crayton v. Central Storage Center, LLC, 06-441 (La.App. 5 Cir. 10/17/06), 944 So.2d 643, citing, Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
This case involves review of the relationship between Choice and Deutschmann to determine whether Deutschmann was an independent contractor of Choice. If she was an independent contractor, and not considered an employee, Choice would not be vicariously liable for her actions in this accident.
*755 The Louisiana Supreme Court has set forth factors for consideration when determining whether an independent contractor relationship exists. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (La.1972). Those factors include: 1) whether there is a valid contract between the parties, 2) whether the work being done is of an independent nature, such that the contractor may employ a non-exclusive means in accomplishing it, 3) whether the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to control and direction of principal, except as to the result of the services rendered, 4) whether there is a specific price for the overall undertaking agreed upon, and 5) whether the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.
Deutschmann and Choice entered into an Agreement for Transportation Services ("Agreement") on March 17, 1998. The Agreement named Choice as the "Corporation" and Deutschmann as the "Contractor", stating that the Contractor would operate a delivery service for corporations in the delivery service business. Under the heading "Contractor's Services", the Agreement provides that the Contractor shall maintain and exercise full control over the services performed by Contractor and over the means used to perform said services.
Section 6 of the Agreement specifically provides that the Contractor's relationship to the Corporation shall be that of an independent contractor vested with full right and power to perform all acts and things which, in its sole discretion and manner, it deems necessary in the fulfillment of its obligations and to provide services as a contractor to others as desired, as long as that activity does not conflict with the rights of the Corporation. The Agreement also provides that the Contractor shall have the sole and complete discretion to hire all personnel engaged by it to carry out its obligations and to determine the specific mode and manner in which the duties shall be performed.
Additionally, the Agreement states that the Contractor shall not be considered as having the status of an employee of the Corporation for federal, state or local tax purposes, or for any other purpose. The Agreement also provides for a term of ninety days and if not terminated at the end or before the end of the ninety days, it shall be deemed renewed for a period of ninety days. The Agreement may be terminated by either the Corporation or the Contractor at any time upon giving ten days written notice.
According to the written Agreement alone, Deutschmann would be considered an independent contractor. However, a review of the deposition testimonies of Deutschmann and Don Oubre, the Louisiana Manager for Choice, and Mike Beck, the Executive Vice President and Chief Financial Officer of Choice, indicates the every day practices and actions of Choice are not consistent with the written agreement and designation of Deutschmann as an independent contractor. Therefore, we find there are genuine issues of material fact regarding whether or not Deutschmann is considered an independent contractor using the factors set forth in Hickman, supra.
There was a valid contract between Choice and Deutschmann and that contract states that Deutschmann was an independent contractor. However, the testimonies presented indicate questions of fact regarding whether the work performed by Deutschmann was of an independent nature, *756 such that Deutschmann could employ non-exclusive means in accomplishing it and whether the work could be done according to the independent contractor's own methods, without being subject to the control and direction of Choice. Both Mike Beck and Deutschmann testified by deposition that there were no written policies and procedures given to the drivers requiring them to perform their deliveries in a specific manner. However, the deposition testimony of Oubre indicates Choice exercised more control over the drivers' performance of their duties.
Oubre testified that Choice wanted each driver that had been interviewed and accepted by Choice, to actually complete the work. He indicated that drivers could use someone else to make deliveries, but only on a limited exception basis. Oubre also stated that if a driver wanted to hire someone to have available to help with deliveries, Choice required an interview and acceptance of the additional driver.
Oubre also explained that some drivers had specific routes assigned to them that included deliveries that were made on a regular basis. If a driver agreed to a specific route, that driver gave up some control of his hours and was required to be at a certain place at a certain time. If a customer requested an additional delivery from a driver, the driver would call the dispatcher to advise of the additional delivery before undertaking the additional work.
In addition, when drivers were "on call", the driver had to be available for deliveries and call the dispatcher to report for duty. Drivers that were "on call" were expected to take the calls the dispatcher got during the "on call" time.
Oubre also testified that it wasn't unusual for couriers to work for different companies. However, Deutchsmann testified it was her understanding that it was improper for a Choice driver to make deliveries for any courier service other than Choice. The testimonies from both Deutschmann and Oubre indicate questions of fact concerning the amount of control Choice exercised over the work performed by its drivers.
We also find there is a question of fact regarding whether the duration of the work to be performed was for a specific time and not subject to termination at the will of either side without liability for its breach. The Agreement stated it was for a term of ninety days, and would be renewed for another ninety day term if not terminated. The Agreement also stated it could only be terminated by written notice ten days prior to the expiration of the ninety day period. However, the testimonies presented indicate that if Choice was dissatisfied with a driver, the dispatcher would simply stop giving that driver delivery assignments. The drivers could refuse delivery assignments. But, Deutschmann contends that if a driver did so repeatedly, that driver was viewed as unreliable and was dropped from the roster.
After reviewing the Agreement entered into by Choice and Deutschmann and the deposition testimonies presented, we find there are genuine issues of material fact regarding whether Deutschmann should be considered an independent contractor of Choice. Accordingly, we reverse the trial court's granting of summary judgment in favor of Choice and remand this matter to the trial court for further proceedings.
REVERSED.