704 So.2d 980 (1997)
Diana Neely BURAS for the minor, James Michael Neely
v.
Walker LIRETTE, Pauline Saravia, Delores Buras and Gustave Buras.
No. 97-CA-1255.
Court of Appeal of Louisiana, Fourth Circuit.
December 23, 1997.
Daniel L. Dysart, Chalmette, for Appellee.
Robert G. Rivard, New Orleans, for Appellant.
Before BYRNES, LOBRANO and JONES, JJ.
LOBRANO, Judge.
Plaintiff, Diana Neely Buras, as tutor for the minor, James Michael Neely, appeals the dismissal of her suit against Delores Buras, Gustave Buras, and their insurer, Allstate *981 Insurance Company, on a motion for summary judgment. We affirm.
On August 8, 1994, Walker Lirette, a lessee of property owned by Delores Buras' mother, Pauline Saravia, sought to rent an adjacent piece of property owned by Delores and Gustave Buras for the purpose of placing his sister's trailer on this property. According to Lirette, the Burases were to receive a monthly rental payment of $75.00 when Lirette's sister began her occupancy of the property. Lirette sought and received permission from Delores Buras to clear underbrush located on this property. Lirette admits that he performed this task with no direction from Delores or Gustave Buras. While clearing the lot, Lirette was assisted by fourteen year old James Michael Neely. According to plaintiff, Lirette gathered the debris into a pile and poured gasoline on it and then instructed Neely to ignite the pile and provided him with a lighter to do so. An intense flare-up resulted and Neely was severely burned. This lawsuit followed. Plaintiff, as tutor for the minor, James Neely, alleged that Delores and Gustave Buras[1] were responsible for failing to properly supervise the work being done by Lirette on their property, for permitting Lirette to mishandle and misuse a hazardous substance, i.e. gasoline fuel, in wanton disregard for the safety of Neely and others, and for permitting their property to be cleared by someone not capable of doing so safely.
Defendants[2] filed a motion for summary judgment relying on the affidavit of Delores Buras[3] and excerpts from the deposition of Lirette. In opposition plaintiff relies on the affidavits of James Neely and Diana Neely Buras and photographs of the burn injuries sustained by James Neely. The trial judge granted defendants' motion and dismissed them from plaintiffs' suit. The court reasoned that he was unimpressed with plaintiff's arguments, and absent a showing of independent negligence, the Burases cannot be held liable for the injuries sustained by James Neely. Plaintiff filed a motion for new trial which was denied. This appeal followed. We affirm.
Code of Civil Procedure Article 966 was amended by the legislature in 1996 and 1997. Apparently there was disagreement among the various courts of appeal as to the intent of the legislature with respect to the 1996 amendments to the summary judgment articles. In response the legislature again amended article 966 in 1997 to provide that all decisions inconsistent with the Third Circuit case of Hayes v. Autin, 96-287 (La.App. 3rd Cir. 12/26/96), 685 So.2d 691, writ denied 97-0281 (La.3/14/97), 690 So.2d 41, would be legislatively overruled. Article 966 now provides:
A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.

*982 C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action of defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
D. The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
E. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.
Subsequent to those 1997 amendments, our colleagues of the Second Circuit, in Berzas v. OXY, USA, Inc., 29,835 (La.App. 2nd Cir. 9/24/97), 699 So.2d 1149, gave a succinct and comprehensive analysis of the current status of the summary judgment procedure. The court stated:
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Bullock v. Homestead Insurance Company, 29,536 (La.App.2d Cir. 6/20/97), 697 So.2d 712. An appellate court thus asks the same question as does the trial court in determining whether summary judgment is appropriate: whether there is any issue of material fact, and whether the mover is entitled to judgment as a matter of law. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993); Powers v. Tucker, 29,190 (La.App.2d Cir. 2/26/97), 690 So.2d 922; Bullock v. Homestead Insurance Company, supra.
In Louisiana, the law regarding summary judgment is set forth in La. C.C.P. art. 966. Previously, the jurisprudence construing this article provided that summary judgments were not favored, were to used only cautiously and sparingly and supporting documents of the mover were to be strictly construed by the courts while the documents submitted by the party opposing the motion were to be treated indulgently. Any doubt was to be resolved against granting the summary judgment and in favor of trial on the merits. Hayes v. Autin, 96-287 (La.App. 3d Cir. 12/26/96), 685 So.2d 691, writ denied 97-0281 (La.3/14/97), 690 So.2d 41.
In 1996, La. C.C.P. art. 966 was amended to legislatively overrule the jurisprudential presumption against summary judgment. The amendment "leveled the playing field" between the parties by allowing the supporting documents submitted by the two parties to be scrutinized equally and removing the overriding presumption in favor of trial on the merits. Hayes v. Autin, supra; La. Acts 1996 (First Ex. Session), No. 9.
As noted in Hayes v. Autin, supra, under the 1996 amendment, the initial burden of proof remained with the mover to show that no genuine issue of material fact exists. However, once the mover made a prima facie showing that the motion should be granted, the burden of proof shifts to the nonmoving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion. Hayes v. Autin, *983 supra; Dinger v. Shea, 96-448 (La.App. 3d Cir. 12/11/96), 685 So.2d 485; Tybussek v. Wong, 96-1981 (La.App. 4th Cir. 2/26/97), 690 So.2d 225.
* * * * * *
In 1997, La. C.C.P. art. 966 was again amended by Acts 1997, No. 483. The act provides that the amendment is intended to further clarify Acts 1996, No. 9, Section 1 of the First Extraordinary Session of 1996, and to legislatively overrule all cases inconsistent with Hayes v. Autin, supra.
* * * * * *
The amended versions of the article are procedural in nature and therefore subject to retroactive application. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La.App.2d Cir. 8/21/96), 679 So.2d 477; Curtis v. Curtis, 28,698 (La.App.2d Cir. 9/25//96), 680 So.2d 1327; Short v. Giffin, 96-0361 (La.App. 4th Cir. 8/21/96), 682 So.2d 249, writ denied, 96-3063 (La.3/7/97), 689 So.2d 1372.
29,835 at pp. 408, 699 So.2d [at] 1151-1154.
Code of Civil Procedure Article 967 goes on to say, in part: "When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his responses, by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him." In accordance with these procedures we now address and decide the merits of this appeal.
It is undisputed that neither Delores or Gustave Buras supervised the clearing of their land by Lirette nor did they know how or when the land would be cleared or that any fuel or other combustible material would be used in the clearing of the land. The undisputed facts establish that there was no independent negligence on the part of the Burases which caused this unfortunate accident.
Plaintiff also alleges that the Burases and Lirette had an employer/employee relationship and therefore, the Burases are vicariously liable for Lirette's actions under the theory of respondeat superior. To find liability of an employer under the doctrine of respondeat superior, there must exist: 1) an employer/employee relationship; 2) a negligent or tortious act on the part of an employee; and 3) the act complained of must be committed in the course and scope of employment. Alphonse v. Omni Hotels Management Corp., 94-0157, p. 5 (La.App. 4 Cir. 9/29/94), 643 So.2d 836, 840.
In her affidavit, Delores Buras states that Lirette was never an employee or subemployee of her or her husband. Plaintiff does not offer any countervailing affidavits, other documentation or other evidence which even suggests an employer/employee relationship. At trial, plaintiff bears the burden of proving this essential element of her claim. Failure to produce factual support sufficient to show that she will be able to satisfy her burden requires the affirmation of defendants summary judgment.
Plaintiff further argues that defendants' characterization of Lirette as an independent contractor is erroneous. We find it unnecessary to address this argument since it is irrelevant whether or not Lirette is an independent contractor. If he is, then the defendants are not responsible for his actions unless he is performing ultra-hazardous work or if the owner (principal) exercises control over his method of operation or gives authorization to an unsafe practice. Morales v. Davis Brothers Construction Company, Inc., 94-0902 (La.App. 4th Cir. 12/15/94), 647 So.2d 1302, writ denied, 95-0139 (La.3/17/95), 651 So.2d 271.
We have already concluded that it is undisputed that defendants exercised absolutely no control over Lirette in the clearing operations. Furthermore, they knew absolutely nothing about how or when Lirette would clear the land and therefore could not have authorized any "unsafe practice" that he performed. Finally, the critical inquiry in determining whether an activity is ultra-hazardous or inherently dangerous is whether it can be made safe when it is performed in a *984 proper and workmanlike manner. Guillory v. Conoco, Inc., 521 So.2d 1220 (La.App. 3rd Cir.1988), writ denied, 526 So.2d 801 (La. 1988). The clearing of land is not an ultra-hazardous or inherently dangerous activity. James Neely was not injured because of an ultra-hazardous activity; rather, his injuries were the result of an unsafe work method which was utilized.
Accordingly, the trial court judgment is affirmed.
AFFIRMED.
NOTES
[1] Also named defendants were Pauline Saravia, Delores Buras' mother, Walter Lirette and their insurers. However this appeal only involves the claims against Delores and Gustave Buras.
[2] For purposes of this opinion we refer to Delores and Gustave Buras and their insurer, Allstate, as defendants because they are the only defendants involved in this appeal.
[3] Gustave Buras, husband of Delores Buras, died prior to the filing of the motion for summary judgment.