STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-495

JOSIE STOKES WEATHERLY

VERSUS

FONSECA & ASSOCIATES, L.L.C., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20086778
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and James T. Genovese, Judges.

AFFIRMED.

Stan Gauthier, II
Nichole Laborde Romero
Attorneys at Law
1405 West Pinhook Road, Suite 105
Lafayette, La 70503
(337) 234-0099
Counsel for Plaintiff/Appellant:
      Josie Stokes Weatherly

Nancy A. Richeaux
Sharon B. Kyle, A.P.L.C.
4960 Bluebonnet Boulevard, Suite A
Baton Rouge, LA 70809
(225) 293-8400
Counsel for Defendant/Appellee:
      Manuel Builders, L.L.C.

**Sera Hearn Russell, III**
**Attorney at Law**
**P. O. Box 53866**
**Lafayette, LA 70505-3866**
**(337) 237-7171**
**Counsel for Defendant/Appellee:**
    **Manuel Builders, L.L.C.**

**Wayne Allen Shullaw**
**Attorney at Law**
**P. O. Box 4815**
**Lafayette, LA 70502-4815**
**(337) 266-2310**
**Counsel for Defendant/Appellee:**
    **Montagnet & Domingue**

**David J. Ayo**
**Allen & Gooch**
**2000 Kaliste Saloom, Suite 400**
**Lafayette, LA 70508**
**(337) 291-1450**
**Counsel for Defendants/Appellees:**
    **Continental Casualty Company**
    **Fonseca & Associates, L.L.C.**
    **R. J. Fonseca, Jr.**
    **Standard Title, L.L.C.**
    **Mitchell R. Landry**

**DECUIR, Judge.**

This is a homeowner's appeal of the trial court's grant of summary judgment in favor of the builder.

## FACTS

Josie Stokes Weatherly (Weatherly) contracted with Manuel Builders, LLC (Manuel) for the construction of a home on her land. Under the contract, Weatherly was to provide a survey of the property and assumed responsibility for any concealed condition. Despite having actual knowledge of the existence of a gas pipeline on her property, Weatherly provided a survey that did not show the pipeline servitude nor did she disclose its existence.

Construction commenced on the site at the same location where Weatherly's mobile home had previously been located. When construction was approximately eighty percent complete, Manuel's septic tank installation subcontractor called the Louisiana One Call Center which came to the site and located the gas pipeline. At that time, it was determined that the residence encroached on the pipeline servitude. Weatherly halted construction. Weatherly was later presented with a waiver from the pipeline company allowing construction to continue. Nevertheless, Weatherly did not allow construction to continue. Instead, she filed this lawsuit alleging negligence on the part of Manuel in failing to call Louisiana One Call before commencing construction.

Manuel filed a motion for summary judgment which was granted by the trial court. This appeal followed.

## DISCUSSION

Weatherly contends that the trial court erred in granting summary judgment.

Appellate courts review summary judgments de novo under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate. *Schroeder v. Bd. of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991); *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La.3/13/98), 712 So.2d 882. After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. *Id.* Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. *Id.*

In this case, Weatherly argues that by failing to call the Louisiana One Call Center Manuel breached a duty owed to her under the Louisiana Underground Utilities and Facilities Damage Prevention Law, La.R.S. 40:1749.11 *et. seq.* to determine the location of the pipeline servitude. We disagree.

The Louisiana Underground Utilities and Facilities Damage Prevention Law on its face designates that the public policy goal is to protect the public from damage resulting from the underground utilities being damaged. Weatherly seeks to extend that purpose to protect her from locating her home on a gas pipeline servitude. We

2

find that the Louisiana Underground Utilities and Facilities Damage Prevention Law is not intended nor is it adequate to protect a homeowner from locating a residence within a gas pipeline servitude. Accordingly, if Manuel breached a duty by failing to call the Louisiana One Call Center, that duty did not encompass the risk that Weatherly would construct her home on a gas pipeline servitude. This is particularly true in this case where Weatherly had actual knowledge of the existence of the pipeline and contractual responsibility for the disclosure of concealed dangers and the site survey.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Josie Stokes Weatherly.

**AFFIRMED.**