| | | |
|---|---|---|
| EMANUEL BAHAM | * | NO. 2022-CA-0551 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| FISK ELECTRIC COMPANY, | * | |
| REGIONAL TRANSIT | | FOURTH CIRCUIT |
| AUTHORITY, ALL STAR | * | |
| ELECTRIC, INC. AND THE | | STATE OF LOUISIANA |
| CITY OF NEW ORLEANS | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-05377, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

**BELSOME, J., DISSENTS AND ASSIGNS REASONS**

Patrick G. Kehoe, Jr.
Rebecca Kehoe Thompson
ATTORNEY AT LAW
3524 Canal Street
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLANT


Richard Todd Musgrave
Theresa Anderson Sutherland
Samuel C. Furman
MUSGRAVE, MCLACHLAN & PENN, L.L.C.
1555 Poydras Street
Suite 2100
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLEE


                    **AFFIRMED**
               **MARCH 22, 2023**

Plaintiff, Emanuel Baham appeals the May 31, 2022 judgment granting defendant, Malone Electrical Services, Inc.'s ("Malone Electrical") motion for summary judgment and dismissing Mr. Baham's claims against Malone Electrical with prejudice. For the following reasons, the trial court's judgment is affirmed.

**FACTS AND PROCEDURAL BACKGROUND**

This suit arises from injuries Mr. Baham sustained when repairing a water main. Malone Electrical was retained by Ubisense and New Orleans Regional Transit Authority ("RTA") to install light poles and signs at Canal Street between South Carrollton Avenue and South Solomon Street in New Orleans. Malone Electrical hired J. Star Enterprises, Inc. ("J. Star") as a subcontractor to dig holes and pour concrete so that Malone Electrical could install the light poles. Prior to J. Star beginning its work, Keith Pumilia, an employee of Malone Electrical requested a site visit with Louisiana One Call-811 to review the location for the signs. An appointment was set by Louisiana One Call on August 18, 2014 to meet

onsite to determine any potential underground utility conflicts at the subject location.

On October 7, 2014, Eric Miller of J. Star called Louisiana One Call on the date the work was scheduled to begin. Bobby Battles, an employee of J. Star was excavating at the subject location when he noticed water slowly filling one of the holes due to the damage of a water main. Mr. Battles called the New Orleans Sewerage and Water Board ("SWB") to cut the water service. On the same date, Mr. Baham, an employee of the SWB, went to repair a water main located at the subject location. Mr. Baham cut into an energized, unmarked, and uninsulated electrical wire, which caused him to suffer an electrical shock that resulted in severe and permanent injuries.

Mr. Baham filed his petition for damages, naming as defendants, Fisk Electric Company, RTA, Allstar Electric, Inc. ("Allstar Electric"), and the City of New Orleans. Thereafter, Mr. Baham filed a supplemental and amending petition for damages, naming J. Star, Malone Electrical, and AIX Specialty Insurance as defendants. Mr. Baham alleged that J. Star and its employee were responsible for damaging the water line in connection with the installation of the light poles at the scene and damaged the pipe protecting the electrical line. Mr. Baham further alleged that Malone Electrical failed to notify Louisiana One Call at least forty-eight hours prior to the start of the excavation and is also liable because it hired J. Star.

On March 2, 2022, Malone Electrical filed a motion for summary judgment arguing that the duty element of the duty/risk analysis and comparative fault could not be established by plaintiff. Thereafter, Mr. Baham opposed the summary judgment. The trial court held a hearing on the motion for summary judgment on April 22, 2022. The court granted Malone Electrical's motion for summary judgment and dismissed Mr. Baham's claims against Malone Electrical with prejudice. In the oral reasons for judgment, the trial court provided that the fact Malone Electrical made several calls to Louisiana One Call does not create liability on their part. On June 8, 2022, Mr. Baham timely filed a motion for devolutive appeal. This appeal follows.

**STANDARD OF REVIEW**

An appellate court review summary judgments *de novo*, using the same criteria applied by the trial courts. *Bellsouth Telecomms., Inc. v. Eustis Eng'g Co., Inc.*, 2007-0865, p. 2 (La. App. 4 Cir. 12/19/07), 974 So.2d 749, 750 (citing *Stanton v. Tulane University of Louisiana*, 2000–0403 (La. App. 4 Cir. 01/10/01), 777 So.2d 1242). The standard for granting a motion for summary judgment is set forth in La. C.C.P. art. 966(A)(3) which provides in pertinent part, "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." As articulated by this Court in *Brindell v. Carlisle Indus. Brake & Friction, Inc.*,

> La. C.C.P. art. 966(D)(1) provides that on a motion for summary judgment, although the burden of proof rests with the mover, if the

mover will not bear the burden of proof at trial, the mover must only point out the absence of factual support for one or more elements essential to the adverse party's claim. The burden then shifts to the adverse party who has the burden to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

2022-0153, p. 4 (La. App. 4 Cir. 9/21/22), 349 So.3d 678, 681 (quoting *Bercy v. 337 Brooklyn, LLC*, 2020-0583, pp. 3-4 (La. App. 4 Cir. 3/24/21), 315 So.3d 342, 345).

"In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence." *Precept Credit Opportunities Fund, L.P. v. Elmore*, 2021-0502 (La. App. 4 Cir. 4/20/22, 3–4), 338 So.3d 87, *writ denied*, 2022-00782 (La. 9/20/22), 346 So.3d 288 (quoting *Tran v. Collins*, 2020-0246, p. 3 (La. App. 4 Cir. 8/20/21), 326 So.3d 1274). "A genuine issue of material fact is one as to which reasonable persons could disagree, 'if on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for trial on that issue, and summary judgment is appropriate.'" *Brindell*, 2022-0153, p. 4, 349 So.3d at 681 (quoting *Smith v. Our Lady of the Lake Hosp., Inc.*, 1993-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751). Further, a fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. *Id*. (quoting *Chapital v. Harry Kelleher & Co., Inc.*, 2013-1606, p. 5 (La. App. 4 Cir. 6/4/14), 144 So.3d 75, 81).

**DISCUSSION**

On appeal, Mr. Baham argues that the trial court erred in granting Malone Electrical's motion for summary judgment as genuine issues of material fact exist. Plaintiff asserts three assignments of error:

1) The trial court erred in determining Malone Electrical did not assume the duty to notify Louisiana One Call.

2) The trial court erred in determining Malone Electrical is not liable for the performance insufficiencies of J. Star.

3) The trial court erred in determining Malone Electrical is entitled to summary judgment as a matter of law.

While Mr. Baham assigns three errors, we narrow our discussion to two issues: 1) whether Malone Electrical assumed a duty to notify Louisiana One Call, and 2) whether the trial court erred in granting summary judgment in favor of Malone Electrical. We begin our discussion by addressing whether Malone Electrical assumed the duty to notify Louisiana One Call.

**Assumption of Duty**

Mr. Baham argues that Malone Electrical voluntarily and gratuitously assumed the duty mandated by the Louisiana Underground Utilities and Facilities Damage Prevention Law by Mr. Pumilia contacting Louisiana One Call on three separate occasions in regards to the subject excavation. Our Supreme Court in *Hebert v. Rapides Par. Police Jury*, 2006-2001, pp. 9-10 (La. 4/11/07), 974 So.2d 635, 643, *on reh'g* (Jan. 16, 2008) outlines the framework for analyzing an assumption of duty:

> Under Louisiana law, one who does not owe a duty to act may assume such a duty by acting. Frank L. Maraist & Thomas C. Galligan, Louisiana Tort Law 5.07[6], 5-27 (Supp.2006). In *Bujol v. Entergy Services, Inc.*, [20]03–0492, p. 16 (La.5/25/04), 922 So.2d 1113, 1129, this Court explained this concept of assumption of duty and stated an assumption of duty arises when the defendant (1) undertakes to render services, (2) to another, (3) which the defendant should

5

recognize as necessary for the protection of a third person. *Bujol* involved the alleged assumption of the duty of a subsidiary to provide a safe working environment by a parent corporation under the "Good Samaritan Doctrine" as codified in Section 324A of the Restatement (Second) of Torts. [20]03-0492 at pp. 14-15, 922 So.2d at 1128.

***

The *Bujol* court described the action required by the defendant in such instances as an affirmative undertaking and further explained that the determination of whether such an action was taken involves an examination of the scope of the defendant's involvement, the extent of the defendant's authority, and the underlying intent of the defendant. [20]03-0492 at p. 18, 922 So.2d at 1131. As in other civil cases, the burden is on the plaintiff to prove by a preponderance of the evidence facts sufficient to establish the action undertaken by the defendant. *See e.g.*, *Bujol*, [20]03-0492 at p. 16, 922 So.2d at 1130.

However, neither a defendant's concern with safety conditions and its general communications regarding safety matters, nor its superior knowledge and expertise regarding safety issues, will create a duty to guarantee safety. *Bujol*, [20]03-0492 at p. 21, 922 So.2d at 1133. Likewise, inspections and mere safety recommendations, which recommendations are not mandatory and are not within the authority of the defendant to remediate, cannot create such a duty. *Id*. at 20-22, 1133-34.

The Louisiana Underground Utilities and Facilities Damage Prevention Law, is governed, in part, by La. R.S. 40:1749.11-1749.14 and its "goal is to protect the public from damage resulting from the underground utilities being damaged." *Thibodeaux v. Gulfgate Constr., LLC*, 2017-494, p. 4 (La. App. 3 Cir. 11/22/17), 234 So.3d 89, 93 (quoting *Weatherly v. Fonseca & Assocs., L.L.C.*, 2010-495, p. 2 (La. App. 3 Cir. 10/6/10), 48 So.3d 394, 395-96, *writ denied*, 10-2497 (La. 1/7/11), 52 So.3d 887). "It requires excavators to 'ascertain the location of underground facilities by calling the notification center, known as 'Louisiana One Call,' at least forty-eight but not more than 120 hours prior to excavation.'" *Id.*, 2017-494, p. 4, 234 So.3d at 93 (quoting *Bellsouth Telecomms., Inc. v. Eustis Eng'g Co., Inc.*, 2007-865, pp. 2-3 (La. App. 4 Cir. 12/19/07), 974 So.2d 749, 750).

In this present matter, Mr. Baham asserts that Malone Electrical assumed the duty to notify Louisiana One Call at least forty-eight hours before the excavation began because Malone Electrical previously contacted Louisiana One Call on three occasions. Malone Electrical concedes that Mr. Pumilia contacted Louisiana One Call three times in August 2014 to schedule an appointment to identify any potential underground utility conflicts at the proposed pole locations.

La. R.S. 40:1749.13(B)(1) provides in relevant part:

> [P]rior to any excavation or demolition, each excavator or demolisher shall serve telephonic or electronic notice of the intent to excavate or demolish to the regional notification center or centers serving the area in which the proposed excavation or demolition is to take place.

Here, Malone Electrical was hired to install light poles and signs. Malone Electrical then retained J. Star as a subcontractor to conduct the excavation for the installation. The record provides that Malone Electrical was provided general locations where the poles were to be installed by Ubisense. In return, Malone Electrical found specific locations for Ubisense and then requested the approval of the locations from RTA and Ubisense. Upon confirmation from Ubisense, Malone Electrical contacted Louisiana One Call to confirm that the desired locations were probable.

Louisiana jurisprudence has recognized that general communications about safety matters and inspections does not amount to assumption of duty. *See Hebert*, 2006-2001, pp. 9-10, 974 So.2d at 643; *see also Louisiana Citizens Prop. Ins. Corp. v. LAA Shoring, LLC*, 2016-1136, p. 10 (La. App. 4 Cir. 6/14/17), 223 So.3d 17, 25 (The Court held that attempting to verify safety information or ensuring adherence to safety standards does not equate with undertaking a duty).

7

Accordingly, we do not find that Malone Electrical assumed a duty as an excavator by contacting Louisiana One Call. Accordingly, the trial court did not err in finding that Malone Electrical did not assume the duty to notify Louisiana One Call. We now discuss whether genuine issues of material fact remain as to Malone Electrical's liability for the actions or omissions of J. Star.

**Summary Judgment**

The primary focus of Malone Electrical's motion for summary judgment was that it did not owe a duty to Mr. Baham as it was not legally required to notify Louisiana One Call, and it is statutorily immune pursuant to La. R.S. 40:1749.14(E)(1) because it and its subcontractor fully complied with all requirements of Louisiana One Call.[1] In opposition, Mr. Baham contends that as a vendor, Malone Electrical is liable for the performance insufficiencies of its subcontractor, J. Star. Mr. Baham further argues that Malone Electrical voluntarily and gratuitously assumed the duty mandated by the Louisiana Underground Utilities and Facilities Damage Prevention Law by Mr. Pumilia contacting Louisiana One Call on three separate occasions in regards to the subject excavation. Mr. Baham argues that Mr. Pumilia's notification to Louisiana One Call did not fall in the statutorily required time periods.

---

[1] La. R.S. 40:1749.14(E) provides "[a]n excavator or demolisher who has given notice and otherwise complied with the provisions of this Part shall be immune from civil liability for damages in the area of the proposed excavation or demolition caused by such excavation or demolition to any owner or operator who:
  (a) Was required by the provisions of this Part to become a member, participate in, or share the cost of a regional notification center, and failed to do so.

  (b) Failed to mark or provide information as required by the provisions of this Part.

  (2) The immunity provided by this Subsection shall not apply to civil liability for damages caused by the negligence of the excavator or demolisher.

***Duty Risk***

"Louisiana courts use a duty-risk analysis in negligence cases to determine whether liability exists under the facts of a particular case." *Thibodeaux*, 2017-494, pp. 4-5, 234 So.3d at 93 (quoting *Cormier v. Albear*, 99-1206, p. 6 (La. App. 3 Cir. 2/2/00), 758 So.2d 250, 254). To succeed in his negligence claim, Mr. Baham must prove under the duty/risk analysis five elements: (1) defendant's duty of care to him; (2) the defendant's breach of duty; (3) defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) legal causation (scope of duty); and (5) damages caused by the breach of duty. *James v. Ernest N. Morial New Orleans Exhibition Hall Auth.*, 2018-0198, p. 6 (La. App. 4 Cir. 12/26/18), 262 So.3d 958, 963 (internal citation omitted). "If a plaintiff fails to prove one of the five elements, a defendant cannot be held liable." *Id.*, 2018-0198, p. 6, 262 So.3d at 963 (citing *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095, p. 8 (La. 3/10/06), 923 So.2d 627, 633).

"A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty." *James*, 2018-0198, p. 7, 262 So.3d at 964 (quoting *Ponceti v. First Lake Properties, Inc.*, 2011-2711, p. 2 (La. 7/2/12), 93 So.3d 1251, 1252. "Whether a duty is owed is a question of law." *Id*. (quoting *Lemann*, 2005-1095, p. 8, 923 So.2d at 636).

"[G]enerally, a principal is not liable for the offenses committed by an independent contractor while performing its contractual duties." *Id.* at p. 7, 262 So.3d at 964 (quoting *Thompson v. Winn-Dixie Montgomery, Inc.*, 2015-0477, p. 12 (La. 10/14/15), 181 So.3d 656, 665). This rule is subject to two exceptions: 1) the principal may not escape liability for injuries resulting from the contractor performing ultra-hazardous work, or 2) the principal cannot escape liability when it

reserves the right to supervise or control the work of the independent contractor, or gives express or implied authorization to an unsafe practice. *Sasser v. Wintz*, 2011-2022, p. 9 (La. App. 1 Cir. 9/4/12), 102 So.3d 842, 848.

We note that as principal, Malone Electrical did not owe a duty to Mr. Baham absent the showing that Mr. Baham's injuries resulted from J. Star performing ultra-hazardous work, or that Malone Electrical reserved the right to supervise or control the work of J. Star.

*Ultra-hazardous Work*

"Ultra-hazardous" work "are those which can cause injury to others even when conducted with the greatest prudence and care." *Sims v. Cefolia*, 2004-343, p. 8 (La. App. 5 Cir. 11/30/04), 890 So.2d 626, 631-32, *writ denied*, 2005-0005 (La. 3/11/05), 896 So.2d 73 (citing *Vicknair v. Boh Bros. Const. Co., L.L.C.*, 2003-1351 (La. App. 5 Cir. 3/30/04), 871 So.2d 514, 521). "The critical inquiry in determining whether activity is [ultra-hazardous] or inherently dangerous is whether it can be made safe when it is performed in a proper and workmanlike manner." *Sims*, 2004-343, p. 8, 890 So.2d at 632 (citing *Buras v. Lirette*, 97-1255 (La. App. 4 Cir. 12/23/97), 704 So.2d 980, 983) (The *Sims* court noted that although there are some danger in all aspects of construction, the evidence presented did not support the plaintiff's contention that digging a tunnel/excavation cannot be made safe when it is performed in a proper and workmanlike manner).

The record in this instant matter does not reflect that Mr. Baham's injuries were the result of an ultra-hazardous work activity or the existence of an inherently dangerous condition. We find that excavation can be performed in a safe, proper, and workmanlike manner; thus the activity of excavation is not ultra-hazardous in nature.

*Independent Contractor*

Next, we examine the relationship between Malone Electrical and J. Star in determining Malone Electrical's liability. The following factors are considered in determining whether an independent contractor relationship exist:

1. A valid contract exists between the parties;

2. The work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it;

3. The contract calls for specific piecework as a unit to be done according to the contractor's own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered;

4. There is a specific price for the overall undertaking; and

5. The duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.

*Sasser*, 2011-2022, p. 9, 102 So.3d at 848 (quoting *Roca v. Security National Properties-Louisiana Limited Partnership*, 2011-1188, pp. 4-5 (La. App. 1st Cir.2/10/12), 102 So.3d 778, 781).

Specifically, in determining whether someone is an independent contractor, one must look at his degree of control over the work. "While the principal has the ability to oversee the results of the contractor's work, the principal in no way influences the manner in which the contractor does the work." *Id.* at p. 9, 102 So.3d at 848. In contrast, an employer has a great amount of control over an employee's work, which includes "the nature of the task and where it is to be performed, setting the wage, and the power of dismissal." *Id.*

In the instant case, Malone Electrical offered as an exhibit, in support of its motion for summary judgment, the Louisiana One Call System Ticket Number 140443966, which was requested by J. Star on October 7, 2014 and identified that

11

the work that was to be conducted was an installation of electric light poles for Malone Electrical. Malone Electrical also offered the deposition testimony of Mr. Baham. Mr. Baham testified that he went to the location to cut the water service. Mr. Baham further testified that the location was already marked, which identified where gas, cable, and electrical lines were located.

In opposition to the summary judgment, Mr. Baham offered emails between Mr. Pumilia and an Ubisense representative as exhibits, in which Mr. Pumilia provided that he contacted Louisiana One Call three times in August 2014. Mr. Baham also offered the deposition testimony of Willie Starling, the project manager of J. Star. Mr. Starling testified that he communicated with Mr. Pumilia regarding the project. Mr. Starling attested that J. Star and Malone Electrical did not discuss who would be responsible for doing the 811 locate. Mr. Starling agreed that he relied on Malone Electrical and RTA to determine where the work should be done and whether there was anything underground in particular spots.

Malone Electrical cannot be held liable for the work performed by the subcontractor, J. Star, in the absence of proof that the work performed was intrinsically or inherently dangerous, or that Malone Electrical reserved the right to supervise or control the work or gave express or implied authorization for an unsafe practice. *See Sasser*, 2011-2022, pp. 9-10, 102 So.3d at 849. Mr. Baham did not put forth any evidence to meet these requirements. The mere fact that Malone Electrical and J. Star communicated about the project, and J. Star relied on Malone Electrical to provide the location where the excavation would take place is insufficient to place a legal duty on Malone Electrical to protect Mr. Baham from the alleged negligence of an independent contractor.

Failure to prove any of the elements of the duty/risk analysis results in a determination of no liability. *James*, 2018-0198, p. 6, 262 So.3d at 963 (internal citation omitted). To prevail in his negligence claim against Malone Electrical, Mr. Baham bore the burden of establishing that Malone Electrical was at fault for causing his injury, using duty/risk analysis. In opposing the motion for summary judgment, Mr. Baham was required to demonstrate that he could establish essential elements of his claim at trial. *See Gutierrez v. Baldridge*, 2010-1528 (La. App. 3 Cir. 5/11/11), 65 So.3d 251.

The record is devoid of evidence to establish that Mr. Baham's injuries resulted from ultra-hazardous work activity or the existence of an inherently dangerous condition at the location, of which Malone Electrical should have given warning. Further, Mr. Baham failed to show that Malone Electrical exercised operational control over J. Star's work. While J. Star's employee, Mr. Starling agreed that he relied on Malone Electrical and RTA to determine where the work should be done and whether there was anything underground in particular spots, this does not constitute operational control. "A principal is entitled to maintain supervisory control over a project done by an independent contractor to ensure that it complies with the contract." *McDaniel v. R.J.'s Transp., L.L.C.*, 53,667, pp. 10-11 (La. App. 2 Cir. 1/13/21), 310 So.3d 760, 766 (citing *Nippa v. Chevron, USA,* 99-2953 (La. App. 4 Cir. 11/15/00), 774 So. 2d 310, 314, *writ denied*, 2000-3420 (La. 2/9/01), 785 So. 2d 823). Suggestions or instructions to an independent contractor does not equate to control over the methods or details of a contractor's work. *Klein v. Cisco-Eagle, Inc.*, 37,398, pp. 10-11 (La. App. 2 Cir. 9/24/03), 855 So.2d 844, 851.

In consideration of Mr. Baham's failure to carry his burden of showing factual support, we find that the trial court did not err in granting summary judgment in favor of Malone Electrical and dismissing Mr. Baham's claims against Malone Electrical with prejudice

**CONCLUSION**

In light of our finding that Malone Electrical did not assume a duty as excavator, and that Mr. Baham failed to carry his burden of showing factual support, we affirm the May 31, 2022 judgment granting summary judgment in favor of Malone Electrical and dismissing Mr. Baham's claims against Malone Electrical with prejudice.

**AFFIRMED**